UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14723-RGS

MARK B. GALVIN and JENNY G. GALVIN

v.

U.S. BANK NATIONAL ASSOCIATION as TRUSTEE RELATING TO CHEVY CHASE FUNDING, LLC MORTGAGE BACK CERTIFICATES SERIES 2007-1;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
CAPITAL ONE, N.A., a/k/a CAPITAL ONE BANK, f/k/a CHEVY CHASE BANK, FSB

MEMORANDUM AND ORDER ON DEFENDANT U.S. BANK TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

October 1, 2015

STEARNS, D.J.

The court ALLOWS in part and DEFERS in part defendant U.S. Bank Trustee's motion for summary judgment on plaintiffs Mark and Jenny Galvins' remaining claims (trespass (Count IV); unfair and deceptive practices in violation of the Massachusetts Consumer Protection Act, ch. 93A (Count VI); and intentional and/or negligent infliction of emotional distress (Count VII)) and on its own counterclaims (breach of contract/deficiency judgment (Count I); unjust enrichment (Count II); and possession (Count III)).

With respect to U.S. Bank Trust's claim for possession, the court finds that it has made the requisite prima facie showing of having secured valid title to the property at 14 Skip Jack Way, Tisbury (Vineyard Haven), Massachusetts by way of a foreclosure deed. *See Fed. Nat. Mortg. Ass'n v. Hendricks*, 463 Mass. 635, 637 (2012) ("[A] plaintiff in a postforeclosure summary process case may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G.L. c. 244, § 15."). The undisputed record reflects that in 2006, the Galvins took out a loan of $2,385,000 and executed a mortgage on the Vineyard Haven property. In November of 2009, the Galvins defaulted on their loan. By May of 2013, U.S. Bank Trustee held both the mortgage and the note on the Galvins' loan. U.S. Bank Trustee foreclosed the mortgage in November of 2014, and purchased the property at the foreclosure sale for $2,295,000. The foreclosure deed and accompanying counsel affidavit required under state law were executed in January of 2015 and recorded in February of 2015 in the Duke County Registry of Deeds. *See* Def.'s Ex. H.

The Galvins have produced no evidence seriously contesting U.S. Bank Trustee's title. In their opposition, they question U.S. Bank Trustee's ownership of the note underlying the mortgage. This a contention previously

rejected by the court as inadequate to impugn the validity of the foreclosure. *See Mem. & Order on Defs.' Part. Mot. to Dismiss*, Dkt. # 22 at 5-6 n.4. Having made out the prima facie case without a material dispute to the contrary, the court finds that U.S. Bank Trustee is entitled to possession of the property.

With respect to their remaining claims, the Galvins allege that U.S. Bank Trustee, by and through its agents, repeatedly entered onto the property at various times from 2010 onwards without their permission.  In answer to an interrogatory, the Galvins specifically state that in late 2011 and 2012, agents of U.S. Bank Trustee changed the locks and winterized the property, doing so despite having been warned against trespass and havinf been given notice that the Galvins were themselves properly maintaining the property.  The Galvins allege that U.S. Bank Trustee's actions have caused them financial and emotional harm.  They also allege that U.S. Bank Trustee has unreasonably assessed the Galvins for the cost of various inspections and repairs and has failed to provide an accounting of these costs.

For its part, U.S. Bank Trustee contends that it was entitled to enter the property to make inspections and repairs pursuant to the mortgage contract. Paragraph 9 of the Mortgage (Def.'s Ex. A) provides that upon a default by the borrower, that "Lender may do and pay for whatever is

reasonable or appropriate to protect Lender's interesting in the Property and rights under this Security Instrument, including . . . [s]ecuring the Property . . . entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off," without requiring prior notice.

     The Galvins complain that because U.S. Bank Trustee brought its summary judgment motion prior to the close of discovery, they have been unable to determine the full extent to which U.S. Bank Trustee has accessed the property and whether these entries were "reasonable or appropriate." The Galvins also point out that U.S. Bank Trustee has not provided an accounting of the various fees relating to inspections and repairs assessed against the them, nor has U.S. Bank Trustee explained the basis for the deficiency judgment sought (beyond the difference between the debt and the foreclosure sale value).  Although the court sees no evidence thus far that U.S. Bank Trustee has accessed the property beyond the permissible scope of paragraph 9, the Galvins are entitled to take full discovery on the issue of the reasonableness of the inspections and repairs and the costs that were charged against them.

4

ORDER

For the foregoing reasons, U.S. Bank Trustee's motion for summary judgment is <u>ALLOWED</u> as to possession, and <u>DEFERRED</u> otherwise.  The court will permit the Galvins thirty days (until November 2, 2015) to seek targeted discovery on the extent and reasonableness of U.S. Bank Trustee's entries, inspections, and repairs to the property within three three years (the statute of limitation) preceding the filing of the Complaint.  The Galvins may submit a supplement to their opposition based any new discovery by November 16, 2015.  U.S. Bank Trustee will have the opportunity to submit a final reply by November 30, 2015.[1]

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court sees no reason to strike the affidavit of Mark McCloskey (Assistant Vice President of Specialized Loan Servicing LLC) in support U.S. Bank Trustee's motion for summary judgment, but expects that U.S. Bank Trustee will provide a detailed accounting of any deficiency sought in the renewed briefing.